**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CARMEN PITTMAN | |
| Plaintiff, | |
| v. | C.A. No. 15-106 KBJ |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## ANSWER

Defendant United States of America, by counsel, hereby responds to individual paragraphs of Plaintiff's complaint as follows:

1.   The allegation relates to parties for which no answer is required. If an answer is deemed necessary, Defendant United States admits that Carmen Pittman is the plaintiff in this matter, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

2.   The allegation relates to parties for which no answer is required. If an answer is deemed necessary, Defendant United States admits that the Federal Protective Service is a component of the United States Department of Homeland Security and that the United States is the appropriate defendant under the Federal Tort Claims Act.

3.   The allegation relates to jurisdiction for which no answer is required.   If an answer is deemed necessary, Defendant United States admits that this action is brought under the Federal Tort Claims Act.

4.   This allegation relates to jurisdiction for which no answer is required. If an answer is deemed necessary, Defendant United States of America admits that this Court has subject matter Court has subject matter jurisdiction under 28 U.S.C. § 1346(b).

5.   This allegation relates to venue for which no answer is required.   If an answer is deemed necessary, Defendant United States admits that venue is proper within the District of Columbia.

6.   Admits.

7.   Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the complaint and demands strict proof thereof.

8.   Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the complaint and demands strict proof thereof.

9.   Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the complaint and demands strict proof thereof.

10. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the complaint and demands strict proof thereof.

11. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the complaint and demands strict proof thereof.

12. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the complaint and demands strict proof thereof.

13. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the complaint and demands strict proof thereof.

14. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the complaint and demands strict proof thereof.

15. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15 of the complaint and demands strict proof thereof.

16. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of the complaint and demands strict proof thereof.

17. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the complaint and demands strict proof thereof.

18. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of the complaint and demands strict proof thereof.

19. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of the complaint and demands strict proof thereof.

20. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 of the complaint and demands strict proof thereof.

21. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21 of the complaint and demands strict proof thereof.

22. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 22 of the complaint and demands strict proof thereof.

23. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23 of the complaint and demands strict proof thereof.

24. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 24 of the complaint and demands strict proof thereof.

25. Defendant United States admits.

26. Admits in part, denies in part. By way of further response, Defendant United States admits that Plaintiff was protesting and holding the arm of another protester when she was tased by Officer Thomas, but denies that that the protest was "peaceful" and that Plaintiff was tased without warning.

27. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 27 of the complaint and demands strict proof thereof.

28. Admits in part, denies in part.   Defendant United States admits Inspector Thomas tased Plaintiff, however denies that Plaintiff was tased in an attempt to make it easier for officers to handcuff her and not because she posed a threat to her own safety or the safety of anyone else.

29. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 29 of the complaint and demands strict proof thereof.

30. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 30 of the complaint and demands strict proof thereof.

31. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 31 of the complaint and demands strict proof thereof.

32. Defendant United States is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 32 of the complaint and demands strict proof thereof.

33. Defendant United States denies Plaintiff's allegations that Inspector Thomas should never have used the taser on Plaintiff, denies that the governmental interest at stake was minimal, denies that Plaintiff was suspected only of committing a minor non-violent misdemeanor, denies that Plaintiff posed no immediate threat to the safety of the officers or others, denies that Plaintiff was not actively resisting or attempting to evade arrest by flight, and denies that Inspector Thomas failed to exhaust less drastic alternatives before using the taser, but is without knowledge or information sufficient to

form a belief as to the remaining allegations set forth in paragraph 33 of the complaint and demands strict proof thereof.

<u>COUNT 1:</u>
<u>FEDERAL TORT CLAIMS ACT</u>

34.    The defendant incorporates by reference all of its previous responses.

35. Admit.

36. Admits in part, denies in part.   By way of further response, Defendant United States admits that Inspector Thomas was acting in the scope of his employment when Plaintiff was tased; the remaining averments in paragraph 36 constitute conclusions of law to which no response is required. If an answer is deemed necessary, Defendant United States denies that it is liable to the plaintiff.

37. Denies. The averments in paragraph 37 constitute conclusions of law to which no response is required.   If an answer is deemed necessary, Defendant United States maintains that the actions of Inspector Thomas were proper given Plaintiff's conduct.

Having fully answered, Defendant avers that there is no waiver of sovereign immunity for claims against it, and respectfully requests that the Court dismiss this case with prejudice, award Defendant its costs, and grant such other relief as this Court deems appropriate.

Respectfully submitted

VINCENT H. COHEN, JR., DC BAR # 471489

Acting United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

_____/s/_____
ALEXANDER D. SHOAIBI, DC Bar # 423587
Assistant United States Attorney
555 Fourth Street, N.W.
Room E-4218
Washington, D.C. 20530
(202) 252-2511
alexander.d.shoaibi@usdoj.gov

Counsel for the Defendant