UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARMEN PITTMAN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Defendant. )<br>) | Civil Action No. 15-cv-106 (KBJ) |

## SCHEDULING ORDER

The parties appeared before the Court on September 22, 2015, for an initial scheduling conference. Upon consideration of the representations that the parties made during the conference, and also in their joint report submitted pursuant to LCvR 16.3(d), it is hereby **ORDERED** that:

1. Discovery in this case shall proceed with the following deadlines:

    | | |
    |---|---|
    | Motion to join parties, amend the pleadings | **October 22, 2015** |
    | Initial disclosures pursuant to FRCP 26(a)(1) | **November 6, 2015** |
    | Fact discovery complete | **January 20, 2016** |

2. Each side is limited to a maximum of five (5) depositions.

3. Each party is limited to maximum of twenty-five (25) interrogatories, including discrete subparts. Responses to all interrogatories shall be made no more than thirty days after service.

4. Each party is limited to a maximum of twenty-five (25) requests for admissions, including discrete subparts. Reponses to all requests for admissions shall be made no more than thirty days after service.

5. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

6. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, under LCvR 7(m), counsel must confer in good faith if discovery disputes arise and are hereby ordered to attempt to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are not able to resolve a discovery dispute, counsel shall jointly call chambers (202-354-3350) to arrange for a telephone conference with the Court. **Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel**.

7. **Counsel are expected to comply fully with the directives in this Court's General Order and Guidelines for Civil Cases and the Appendix thereto (ECF No. 3, filed January 26, 2015).** Counsel should take particular note of the Court's requirements for courtesy copies (Appendix ¶ 3(d)); Tables of Contents, Tables of Authority, and indices of exhibits (Appendix ¶ 5(a)); for motions for extensions of time (Appendix ¶ 5(b)); and for motions for summary judgment (Appendix ¶ 5(d)). Any submissions that do not conform with the Court's General Order and Guidelines for Civil Cases will not be accepted.

8. The parties and their counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available upon request to the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles in whole or in part, plaintiff shall advise the Court by promptly filing a stipulation.

9. A further status conference is scheduled for **February 2, 2016 at 10:00 A.M.** Counsel are expected to come to that conference prepared to discuss the status of discovery, their respective settlement positions, any need for expert discovery, and whether they anticipate filing dispositive motions. Counsel must bring full settlement authority to the status conference. If settlement is not reached, a pretrial conference date, and trial date, may be selected. Counsel should be prepared to advise the Court regarding the expected length of a trial and the number of fact and expert witnesses each party will present. Trial counsel must be present at all conference and hearings unless excused by the Court in advance of the hearing date.

10. This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* FRCP 16(b); LCvR 16.4. The parties' communication with the Court should be in writing and only by written motion, opposition, and reply, not by letter. Oral inquiries concerning the status or scheduling of any pending matter are disfavored. If a party nevertheless needs to make such an oral inquiry, such questions should be directed to the Courtroom Deputy Clerk, Ms. Gwen Franklin (202-354-3145) rather than to chambers. If Ms. Franklin is unavailable, such inquiries should be directed to the staff person in the clerk's office who has been designated as her substitute. In an emergency, however, chambers can be reached at 202-354-3350.

Date: September 22, 2015                    *Ketanji Brown Jackson*
                                             KETANJI BROWN JACKSON
                                             United States District Judge